IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBBIE LYNN HARDIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-159 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY IN PART
AND TO DISMISS IN PART PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of prison disciplinary proceeding no. 20140216142. In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner <u>MUST</u>, at a minimum, be eligible for release on mandatory supervision <u>AND</u> have received a punishment sanction that included forfeiture of <u>previously accrued</u> good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner acknowledges he did not lose previously earned good-time days as a result of the disciplinary proceeding he is challenging. *See* Question 18.

Since petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits he is not entitled to federal habeas corpus relief under current Fifth Circuit law. Petitioner's habeas application should be DENIED.

To the extent petitioner is also complaining that the disciplinary case was the result of

harassment and retaliation by Officer Arredondoe, such claims are not cognizable in a petition for writ of habeas corpus. "Generally, § 1983 suits are the proper vehicle to attack the unconstitutional conditions of confinement and prison procedures." *Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir. 1997). "A habeas petition, on the other hand, is the proper vehicle to seek release from custody." *Id*. at 820. Accordingly, if petitioner wishes to pursue such claims, he must do so in a civil rights complaint pursuant to 42 U.S.C. § 1983. Petitioner may obtain the forms for filing such a lawsuit in the prison law library.[1]

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner be DENIED, in part, and any claims of harassment and/or retaliation be DISMISSED without prejudice to his right to raise them in a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   21st   day of July  2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[1] The filing of such a lawsuit would obligate Petitioner to pay the applicable filing fee. Therefore, Petitioner should make the decision whether to file or not instead of the Court. The Court offers no opinion as to whether such a lawsuit would be meritorious.

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).